**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MIA MICHAEL, DANIEL MICHAEL, and ANGELA MICHAEL,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**THE CITY OF GRANITE CITY, ILLINOIS,** )<br>a Municipal Corporation, **EDWARD** )<br>**HAGNAUER,** Mayor of the City of Granite )<br>City, in his official and individual capacities, )<br>**RICHARD MILLER,** Chief of Police of Granite )<br>City, in his official and individual capacities, )<br>and Granite City Police Officers **MERZ** and )<br>**NOVASICH,** in their individual capacities, )<br>)<br>**Defendants.** ) | Cause No. 06-CV-01-WDS |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is plaintiffs' motion for a temporary restraining order and for the issuance of a preliminary injunction. Plaintiffs' complaint alleges violations of their civil rights occurred when they were beaten by members of the crowd at the November 19, 2005, annual Christmas Parade in Granite City, Illinois. Plaintiffs were at the parade with signs which protested abortion practices, and assert that in the presence of at least four Granite City police officers they were beaten by one Cheryl Parker and her daughter. In addition, members of the parade crowd, are alleged to have thrown candy pieces and bags of hard candy at the plaintiffs and when the plaintiffs complained to the police they allegedly did nothing.

Plaintiffs allege that they tried to file a complaint against the person who assaulted them, but the police would not file the charge and threatened to file charges against the plaintiffs for disorderly conduct. Plaintiffs allege that the police have, on previous occasions, shown bias and hostility against them, and other abortion protestors, by making them the subject of unwarranted

arrests, citations and charges. In addition, the plaintiffs assert that the City is considering a proposed ordinance to limit signs larger than 8 ½ by 11 inches along parade routes and that such an ordinance chills free speech and the free exercise of religion.

In the pending motion for a temporary restraining order, the plaintiffs' allegations are basically a repetition of the allegations of the complaint, and they seek the following relief: to enjoin the defendants' policy and custom of pressing charges against prolife individuals, declaring it unconstitutional as applied to the plaintiffs in violation of the First, Fourth and Fourteenth Amendments; enjoin the defendants from arresting, citing or charging any of the plaintiffs form any ordinance or state statute violations from the events of November 19, 2005; that the Court direct the defendants to allow the plaintiffs to press charges against Parker and Parker's daughter for assault, without any charges being pressed against the plaintiffs if they do so; and, that the Court enjoin the City from passing the proposed sign limitation ordinance.

This court's jurisdiction to grant or deny a preliminary injunction is grounded in 28 U.S.C. § 1292(a)(1), which is further limited by Article III of the Constitution, which extends federal judicial power only to "Cases" and "Controversies." U.S. Const. art. III, § 2. As a result of this limitation, federal courts "may not 'give opinions upon moot questions or abstract propositions.'" *Calderon v. Moore*, 518 U.S. 149, 150(1996) (*quoting Mills v. Green*, 159 U.S. 651, 653(1895)). Mootness, therefore, is always a threshold jurisdictional question. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Worldwide Street Preachers' Fellowship v. Peterson,* 388 F.3d 555, 558 (7th Cir. 2004); *Orion Sales, Inc. v. Emerson Radio Corp.*, 148 F.3d 840, 842 (7th Cir.1998).

The Supreme Court has stated that, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles

Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2948, pp. 129-30 (2d ed.1995)).  To be entitled to this extraordinary relief, the plaintiffs must show that "(1) they have a reasonable likelihood of success on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Goodman v. Illinois Dep't of Fin. and Prof. Reg.,* 430 F.3d 432, 437 (7th Cir. 2005) (*citing, Joelner v. Vill. of Washington Park*, 378 F.3d 613, 620 (7th Cir.2004)); *see also Erickson v. Trinity Theatre, Inc*., 13 F.3d 1061, 1607 (7th Cir.1994).  If the moving party cannot make this showing, "a court's inquiry is over and the injunction must be denied*." Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir.1992), *quoted in East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salv. Co.,* 414 F.3d 700, 703 (7th Cir. 2005).

This case provides the quintessential grounds for *not* granting injunctive relief, either in the form of a temporary restraining order or preliminary injunction.  Initially, the Court notes that this incident occurred at a parade in November of 2005, but the motion seeking injunctive relief was not filed until January of 2006.   The lawsuit does not challenge any existing statute or local ordinance, it challenges only a  *prospective* ordinance.  Without an existing ordinance for this Court to review, there clearly is no case or controversy presented by these facts.

More notably, the plaintiffs have made absolutely no showing of irreparable harm.  "An injury is irreparable for purposes of granting preliminary injunctive relief only if it cannot be remedied through a monetary award after trial."  415 F.3d at 703.  Here, although they try to dress their injuries in Constitutional garb, claiming, First, Fifth and Fourteenth Amendment injuries, the relief the plaintiffs seek is to have this Court interfere with law enforcement practices to force the arrest of individuals and to stop the threatened, but not actual, arrest of plaintiffs.   It simply is not the function of federal injunctive relief review to force law

3

enforcement to act in a certain manner.   Plaintiffs were not arrested, nor charged with any violation of state law or local ordinances.

Given the status of this case, the Court **FINDS** that injunctive relief is not available because the plaintiffs have failed to meet their required showing of irreparable harm, likelihood of success on the merits and no adequate remedy at law.  Accordingly, the Court **DENIES** plaintiffs' application for issuance of injunctive relief on all grounds and the motion for a temporary restraining order and for a preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 9, 2006**

                                             **s/ WILLIAM D. STIEHL**
                                                  **DISTRICT JUDGE**