IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIA MICHAEL, DANIEL MICHAEL, and ANGELA MICHAEL, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE CITY OF GRANITE CITY, ILLINOIS, )<br>a Municipal Corporation, EDWARD )<br>HAGNAUER, Mayor of the City of Granite )<br>City, in his official and individual capacities, )<br>RICHARD MILLER, Chief of Police of Granite )<br>City, in his official and individual capacities, )<br>and Granite City Police Officers MERZ and )<br>NOVASICH, in their individual capacities, )<br>)<br>Defendants. ) | Cause No. 06-CV-01-WDS |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is defendants' motion to dismiss plaintiffs' amended complaint (Doc. 17). Plaintiffs filed a single count complaint against the City of Granite City, the Mayor, Edward Hagnaure, in his official and individual capacities, the Chief of Police, Richard Miller, in his official and individual capacities, and Granite City police officers Merz and Novasich in their individual capacities, seeking to recover for alleged violations of their First, Fourth and Fourteenth Amendment rights.

**BACKGROUND**

Plaintiffs assert that they have attempted to exercise their First Amendment rights, based on their religious and personal beliefs, as pro-life protestors and that they carried protest signs showing photographs of aborted babies at public events in Granite City, in particular the November 2005, annual Christmas Parade in Granite City. While at the parade, plaintiffs allege they were subject to assault and battery, including the throwing of hard candy and physical

attack, by persons in the crowd and that the police officers who witnessed the beating of plaintiff Mia Michael did not charge those individuals with assault, and threatened to charge plaintiff Mia Michael with charges if she insisted that the police press charges against those who allegedly attacked the plaintiffs.  Plaintiffs assert that the Granite City Police have shown bias and hostility against pro-life protestors, including the Michael family, and have forced pro-life individuals who have been attacked during protests to choose between pressing charges against their attackers and having charges pressed against them, or not taking any action.

Plaintiffs assert that the City, Hagnauer and Miller, through the actions of the police, are attempting to restrict plaintiffs' First Amendment rights to freedom of speech and religious expression by their policy and custom of withholding police protection from pro-life individuals while they are protesting, and by their policy and custom of responding to complaints of assault with threats to charge the plaintiffs.

In addition, plaintiffs assert that in January of 2006, the City of Granite City passed and enacted Ordinance No. 7878 which prohibits signs larger than 8 ½ by 11 inches within 25 feet of any portion of a parade route at four annual parades in the City.  Plaintiffs assert this ordinance chills free speech and free exercise of religion, censors speech on a public way, is not narrowly tailored to meet a significant governmental interest, and amounts to a heckler's veto.  Further the plaintiffs assert that the ordinance is in violation of the First and Fourteenth Amendments as it is over broad.

## DISCUSSION

In order to dismiss a complaint under Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations as true and construe the complaint in the light most favorable to the plaintiff. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hernandez v. City of Goshen, Indiana*, 324 F.3d 535, 537 (7th Cir.2003).  A motion to dismiss tests the sufficiency of the

complaint, not the merits of the lawsuit. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir.1998). On a Rule 12(b)(6) motion, the Court must read the complaint liberally, evaluate all well-pleaded allegations, and draw all reasonable inferences in favor of the plaintiff. *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 791 (7th Cir.1996). To survive a motion to dismiss, " a pleading must only contain enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint." *McCormick v. City of Chi.*, 230 F.3d 319, 323-24 (7th Cir.2000). At this stage of the process, the Court may review only the complaint and any attached materials. *See, e.g., Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 935 (7th Cir.1996). Dismissal is only appropriate where the Court determines that under the allegations set forth in the complaint, no set of facts can be proven. *See Conley*, 355 U.S. at 45-46; *Weizeorick v. ABN Amro Mortg. Group, Inc.*, 337 F.3d 827, 830 (7th Cir.2003); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (construing the simplified notice pleading standard delineated in Fed. R. Civ. P. 8).

Defendants seek dismissal on several grounds, and the Court will address each in turn.

1.  Failure to Plead Sufficient Facts.

Initially, defendants Hagnauer, Miller and Novasich assert that plaintiffs have failed to plead any facts that show personal involvement by these defendants. The liberal federal notice pleading standard requires only that the complaint contain a short and plain statement of the claim that will provide the defendant with fair notice of the claim. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999); *see also* Fed. R. Civ. P. 8(a). Therefore, to the extent that the defendants seek dismissal on fact pleading grounds, that part of their motion is **DENIED**. They have been put on notice of plaintiffs' claims against them. Whether the plaintiffs will be able to establish that claim is a question best left for a summary judgment motion, if appropriate, after discovery is completed.

    2.    <u>Local Governmental Immunity of Miller, and Merz.</u>[1]

Defendants Miller and Merz seek the protection of the Illinois Local Governmental and Governmental Tort Immunity Act, 745 ILCS 10/2-204, which provides: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person." *Id.*[2] For immunity to attach, "the act or omission must be both a determination of policy and an exercise of discretion." *Harinek v. 161 N. Clark St. Ltd. P'ship*, 692 N.E.2d 1177, 1181 (Ill. 1998). Here, plaintiffs' allegations raise an issue of fact as to the motive behind the defendants' actions. If plaintiffs' allegations prove to be true, the defendants would not be entitled to immunity under this statute. Moreover, as the Seventh Circuit held in *Hampton v. City of Chi.*, 484 F.2d 602, 607 (7th Cir. 1973):

> Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced.

Defendants reliance on the holding in *McLellan v. City of Chi.*, 61 F.3d 577 (7th Cir. 1995) is misplaced in this case. In *McLellan,* the plaintiff sought to recover for state-law based tort damages. *Id.* at 578-79. Here, plaintiffs seek recovery for violations of federal law, not state law. Therefore, the Court **DENIES** defendants' motions to dismiss based on immunity under the Illinois Local Governmental and Governmental Tore Immunity Act.

    3.    <u>City Ordinance 7878</u>

---

[1] In their motion, and the nearly identical memorandum in support, defendants assert the same claim with respect to defendant Merz two times. There is no assertion of immunity raised with respect to officer Novasich, but the application of law would apply equally to him.

[2] Notably, these defendants *do not* seek qualified immunity.

4

Finally, the motion to dismiss challenges plaintiffs' standing to assert that Ordinance 7878 has a chilling effect on plaintiffs' free speech and free exercise of religion rights. Constitutional standing requires, "at an irreducible minimum," that the party invoking the Court's authority "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State,* 454 U.S. 464, 472 (1982) (internal quotations and citations omitted); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, (1992). These types of Article III case-or-controversy requirements serve to "limit the federal judicial power 'to those disputes which confine federal courts to a role consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process.'" *Valley Forge*, 454 U.S. at 472.

The Seventh Circuit stated in *Aurora Loan Servs., Inc. v. Craddeith*, 442 F.3d 1018. 1024 (7th Cir. 2006):

> The point is not that to establish standing a plaintiff must establish that a right of his has been infringed; that would conflate the issue of standing with the merits of the suit. It is that he must have a colorable claim to such a right. It is not enough that he claims to have been injured by the defendant's conduct. "The alleged injury must be legally and judicially cognizable. This requires, among other things, that the plaintiff have suffered 'an invasion of a legally protected interest.'" *Raines v. Byrd*, 521 U.S. 811, 819 (1997), *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Reid L. v. Illinois State Board of Education*, 358 F.3d 511, 515-16 (7th Cir.2004)

Here, the plaintiffs have sufficiently established that they would be personally injured by this ordinance, to give them standing to go forward with the claims in their amended complaint relating to Ordinance 7878.  There is a clear connection between plaintiffs' exercise of their First Amendment rights to freedom of expression and the restrictions of the Parade Sign

5

Ordinance sufficient to allow the Court to consider the merits of their Constitutional claims.

Accordingly, defendants' motion to dismiss based on standing of the plaintiffs is **DENIED**. To the extent that the defendants assert that the ordinance does not have a chilling effect, and that plaintiffs cannot establish any Constitutional injury, those claims relate to the merits of plaintiffs' cause of action and are not, therefore, subject to review under the motion to dismiss standards.

## CONCLUSION

Accordingly, the Court **DENIES** defendants' motion to dismiss on all grounds raised.

**IT IS SO ORDERED.**

**DATED: September 6, 2006.**

                                                **s/ WILLIAM D. STIEHL**
                                                  **DISTRICT JUDGE**