IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  |
|---|---|---|
| MIA MICHAEL, DANIEL MICHAEL, and ANGELA MICHAEL, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Cause No. 06-CV-01-WDS |
| THE CITY OF GRANITE CITY, ILLINOIS, a Municipal Corporation, EDWARD HAGNAUER, Mayor of the City of Granite City, in his official and individual capacities, RICHARD MILLER, Chief of Police of Granite City, in his official and individual capacities, and Granite City Police Officers MERZ and NOVASICH, in their individual capacities, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiffs' motion for partial summary judgment (Doc. 42), and supplement to the motion (Doc. 43), to which the defendants have filed a response (Doc. 47). Plaintiffs ask the Court to declare Granite City Ordinance 7878 ("the Ordinance") unconstitutional. Plaintiffs assert that the Ordinance is facially invalid as overbroad; that it curtails more speech than necessary to achieve any compelling state interest; and, that it constitutes a heckler's veto.

### BACKGROUND

**A.   The Ordinance At Issue**

Plaintiffs are active pro-life protesters who have participated in anti-abortion protests in Granite City, Illinois for some time. On January 17, 2006, the City of Granite City passed Ordinance 7878 which is entitled, "An Ordinance Regulating the Location or Size of Signs During Certain Parades." The Ordinance provides, inter alia, that it is designed to enforce the

City's authority "to impose reasonable regulations on the use of the streets and sidewalks, to promote the public safety, order and enjoyment of parades, when the sidewalks, curbs and streets are crowded with children and families seeking an unobstructed view of the parade. . . ." Among the specific provisions of the Ordinance are:

1. That the City Council of Granite City "authorizes the use of main streets, to host no less than four parades a year . . . and that the sidewalks, easements, curbs and streets are crowded with children and their families who wish to view the parade without obstruction";

2. That the City has in interest in "protecting its citizens and ensuring that its streets and sidewalks are available for all citizens, including the City's interest in maintaining the flow of pedestrian traffic, while allowing citizens to fully view and enjoy, observe without unreasonable obstruction, and participate in, the four community parades hosted annually. . .";

3. That during the four annual parades it shall be "unlawful for any individual, person, or persons, to wear, hold up, display, or cause to be presented, signs larger than 8 ½ inches by 11 inches total, within twenty-five feet of any portion of the parade route in Granite City, Illinois."

4. And, that the sign size restriction "shall not apply to signs and signage otherwise lawfully affixed to, tied to, or painted upon, buildings or other permanent structures." And that the restriction "shall not apply to signs in windows, yard signs, or signs staked into a lawn or the ground."

**B.     The Court's Order Granting Preliminary Injunctive Relief**

On August 31, 2006, the Court issued its Order granting plaintiffs' request for injunctive relief, finding that Ordinance 7878, although appearing content-neutral on its face, was not

narrowly tailored and amounted to a "heckler's veto." *(See* Doc. 34.)   The Court specifically found, "There is no valid basis for the argument that an 8 ½ by 11 inch sign is the least restrictive alternative available to meet the goals of free pedestrian traffic, unobstructed views by parade goers and public safety." *Id.* at 9.   The Court found: that the public interest in protecting First Amendment rights is always high; that the loss of the plaintiffs ability to exercise their rights to free speech "even for minimal periods of time, unquestionably constitutes irreparable injury" *Elroy v. Burns*, 427 U.S. 347, 373 (1976); and, that injunctive relief was appropriate in this case.

### C.   Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs now seek partial summary judgment on the grounds that the Ordinance is unconstitutional and that defendants cannot enforce it. Plaintiffs assert that the Ordinance is facially invalid as overbroad because restricting persons from carrying signs larger than 8 ½ inches by 11 inches within 25 feet of a parade route curtails more speech than necessary to achieve the governmental interests.  Plaintiffs assert that this Ordinance stops plaintiffs and others from freedom of speech, freedom of religion and participation in the political process. The plaintiff's further assert that the Ordinance amounts to a heckler's veto, and is therefore unconstitutional.  Plaintiffs have filed affidavits asserting their experiences with the 2006 Labor Day Parade, the parade involved in the Court's Order granting plaintiff's motion for injunctive relief, and that there were no physical altercations during the parade and that no one complained to them about carrying signs or blocking vision of the parade.

In response, the defendants essentially re-assert the same arguments raised in opposition to the plaintiffs' motion for a preliminary injunction.  The defendants claim that summary judgment should not be granted because it is inappropriate when issues of motive and intent underlie the legal questions raised.   Defendants assert that the Ordinance is within the

3

constitutional power of the City government to enact and that it furthers important governmental interests of promoting public safety, order, and enjoyment of parades when sidewalks, curbs and streets are crowded with parade watchers. Defendants assert that because the protesters are allowed to display signs, just not signs larger than 8 ½ inches by 11 inches, the protesters' speech is not restricted. Finally, the defendants assert that plaintiffs have failed to demonstrate that there is a realistic danger that the Ordinance will significantly compromise their First Amendment rights.

## SUMMARY JUDGMENT STANDARDS

A district court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c): *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). The moving party initially bears the burden to demonstrate an absence of genuine issues of material fact, indicating that judgment should be granted as a matter of law. *See, Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1999) (citing *Celotex*, 477 U.S. at 323). Once a motion for summary judgment has been made and properly supported, however, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue for trial. *See, id.* In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, the Court will not resolve factual disputes, weigh conflicting evidence, or make credibility determinations. *See, Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001); *Miranda v. Wis. Power & Light Co.*, 91 F.3d 1011, 1014 (7th Cir. 1996).

## DISCUSSION

In its Memorandum and Order of August 31, 2006, the Court addressed, at length the constitutionality of the Ordinance in question. Clearly, the First Amendment forbids Congress from enacting laws "abridging the freedom of speech." U.S. Const. amend I. *See also Gitlow v. N.Y.*, 286 U.S. 652, 666 (1925). The Supreme Court has held that although "signs are a form of expression protected by the Free Speech Clause, they pose distinctive problems that are subject to municipalities' police powers. Unlike oral speech, signs take up space and may obstruct views, distract motorists, displace alternative uses for land and pose other problems that legitimately call for regulation." *City of Ladue v. Gilleo*, 512 U.S. 43, 48 (1994).

It has long been recognized that the protection of the First Amendment extends beyond "pure speech" and includes the peaceful expression of views by picketing, marching or demonstrating. *Shuttlesworth v. City of Birmingham*, 394 U.S. 147(1969); *Cox v. State of La.*, 379 U.S. 536 (1965); *Thornhill v. State of Ala.*, 310 U.S. 88 (1940). The Seventh Circuit has recognized that it is constitutional to "respect a government's recognition that different forms of First Amendment activities have varying degrees of effects on its interests, as long as the government is not attempting to suppress a certain message or viewpoint." *Weinberg*, 310 F.3d at 1036. The Court previously determined that the Ordinance was content-neutral, that it did not, on its face, attempt to restrict the speech of a certain type of protester. *See,* Doc. 34, pp. 7-8.

The Court did determine, however, that the Ordinance in question amounted to a heckler's veto because it was not narrowly tailored to meet the expressed goals of the City of promoting public safety, order, and enjoyment of parades when sidewalks, curbs and streets are crowded with parade watchers. *Id.* at 8-9. The Court found: "There is no valid basis for the argument that an 8 ½ by 11 inch sign is the least restrictive alternative available to meet the goals of free pedestrian traffic, unobstructed views by parade goers and public safety." *Id.* at 9.

5

The Court has reviewed the parties' current arguments with respect to the motion for summary judgment and **FINDS** that the defendants have not offered any justification or reason for the Court to modify this finding. The City's intent or motive is not the controlling issue here, the issue is whether the Ordinance, as it is written, amounts to an unconstitutional heckler's veto. *Coates v. City of Cincinnati,* 402 U.S. 611, 615-16 (1971).

Accordingly, the Court **GRANTS** plaintiffs' motion for partial summary judgment, and **FINDS** that Granite City Ordinance 7878 is unconstitutional.[1]

**IT IS SO ORDERED.**

**DATED: May 16, 2007.**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**

---

[1] The remaining issues raised in plaintiffs' complaint are: a) whether defendants' actions during the November 2005 annual Christmas Parade, amounted to a restriction of plaintiffs' First Amendment rights to freedom of speech and religion because they withheld police protection from plaintiffs and threatened to charge plaintiffs with assault.