# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIA MICHAEL, DANIEL MICHAEL, and ANGELA MICHAEL, <br><br>    Plaintiffs, <br><br>v. <br><br>THE CITY OF GRANITE CITY, ILLINOIS, a Municipal Corporation, EDWARD HAGNAUER, Mayor of the City of Granite City, in his official and individual capacities, RICHARD MILLER, Chief of Police of Granite City, in his official and individual capacities, and Granite City Police Officers MERZ and NOVASICH, in their individual capacities, <br><br>    Defendants. | Cause No. 06-CV-01-WDS |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on plaintiffs' motion for attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k). Plaintiffs brought their action against defendants City of Granite City, Edward Hagnauer, Richard Miller, and Granite City Police Officers Merz and Novasich, seeking to recover for alleged violations of their First, Fourth and Fourteenth Amendment rights related to their efforts to protest in favor of pro-life at Granite City, Illinois sponsored parades.

The Court entered judgment[1] on the plaintiffs' case on March 27, 2009, in favor of defendants the Mayor of Granite City, Edward Hagnauer, sued in his official and individual

---

[1]The Court entered partial summary judgment (See Order at Doc. 48) finding that Ordinance 7878 was unconstitutional.

capacities; the Chief of Police, Richard Miller, sued in his official and individual capacities; and Granite City police officers Tony Merz and Nicholas Novasich, both of whom were sued in their individual capacities and against plaintiffs Mia Michael, Angela Michael and Daniel Michael on all claims raised by plaintiffs in the First Amended Complaint. The Court further entered judgment in favor of plaintiffs Mia Michael, Angela Michael and Daniel Michael and against the defendant, the City of Granite City, a municipal corporation, solely on plaintiff's claims with respect to Ordinance 7878, and in favor of defendant the City of Granite City on all remaining claims in the First Amended Complaint.

The Court found that plaintiffs' damages on their claim with respect to Ordinance 7878 were minimal, at best, and that plaintiffs suffered little damage, including emotional damage, in light of the fact that the Ordinance was never put into effect, nor exercised against the plaintiffs, or others. Therefore, the Court awarded damages on that claim to plaintiffs jointly in the amount of $300.

Plaintiffs' attorneys have now filed motions for attorneys fees and costs in the amounts of $55,604.10 for attorney Jason Craddock and $12,087.78 for attorney Thomas Brejcha. The defendant, City of Granite City has filed an objection to the fees sought by Jason Craddock on the grounds that the plaintiffs' attorneys should only be able to recover fees with respect to their successful claim that Ordinance 7878 violated the plaintiffs' Constitutional rights, but not with respect to plaintiffs' other claims. Defendant also asserts that the time and costs sought for appearance at a City of Granite City Council Meeting in January of 2006 was not related to the prosecution of Ordinance 7878, nor was it necessary for the successful prosecution of Ordinance 7878.

**DISCUSSION**

"In calculating reasonable attorneys' fees, the district court should first determine the lodestar amount by multiplying the reasonable number of hours worked by the market rate." *Bankston v. State of Ill.*, 60 F.3d 1249, 1255 (7th Cir. 1995). "The reasonable hourly rate used in calculating the lodestar must be based on the market rate for the attorney's work. 'The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 519 (7th Cir. 1993) (quoting *Eddleman v. Switchcraft, Inc.*, 965 F.2d 422, 424 (7th Cir. 1992)) (internal citation omitted). "The burden of proving the market rate is on the party seeking the fee award. However, once an attorney provides evidence establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded." *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999) (internal citations omitted).

**1.     Reasonable Number of Hours Worked**

The Court has reviewed the requested time from both attorneys for plaintiffs in this case. The Court notes that plaintiffs were successful only on their claims relating to Ordinance 7878, which was resolved by the Court in its Order of August 31, 2006, which granted plaintiffs' motion for a preliminary injunction, (Doc. 34), and the Order of May 16, 2007, which granted partial summary judgment on plaintiffs' claims with respect to Ordinance 7878, finding the ordinance unconstitutional (Doc. 48). Therefore, the Court will only consider, as reasonable, fees and costs related to the prosecution of the Ordinance 7878 claim. The Court notes that indefinitely described or excessive time will not be approved, nor will time spent discussing the case with the media, as those are not warranted. Moreover, the plaintiffs have not responded to

the defendant's objection with respect to the Granite City Council meeting. The Court **FINDS** that there is nothing in the record to establish that any connection between the fees sought by Craddock to attend the City Council meeting in 2006 was directly related to Ordinance 7878, and therefore, those requested fees will not be approved.

### A. Attorney Craddock

The Court has reviewed the fee statement of Craddock and the defendant's objections to those fees. The Court rules as follows:

| DATE | HOURS REQUESTED | DESCRIPTION OF WORK | DISAPPROVED HOURS | APPROVED HOURS |
|---|---|---|---|---|
| 12/12/05 | 7.5 | Complaint | | 7.5 |
| 12/28/05 | 4.5 | Complaint | | 4.5 |
| 1/12/06 | .5 | Discuss case with reporters | .5 (no fees for press time) | |
| 1/13/06 | 3 | Research appeal and amended complaint | | 3 |
| 1/16/06 | 4 | Confer with client, press research | 4 (no fees for press time) | |
| 1/17/06 | 16 | Granite City Council Meeting hours | 16 (not related to Ordinance 7878) | |
| 1/25/06-2/10/06 | 4.8 | Research issues amended complaint | .8 (excessive time) | 4.0 |
| 3/1/06-3/2/06 | 4.3 | Prepare amended compl. | 1.3 | 3.0 |
| 3/15/06-3/21/06 | 4.5 | "am cmptl" | 4.5 (no explanation or reason for this time is given) | |

4

| Date | Hours | Description | Adjustment | Total |
|---|---|---|---|---|
| 4/25/06-5/10/06 | 2.5<br>9<br>2<br>5 | Time related to motion to dismiss-review, research, prepare response | | 18.5 |
| 5/30/06 | 3 | Discuss case with Brejcha | | 3 |
| 6/8/06 | 1 | Scheduling order | .5 (time excessive for review of this order) | .5 |
| 7/24/06-7/26/06 | 1.2 | Confer with clients | | 1.2 |
| 7/28/06 | .7 | Calls to counsel/clients re deposition | | .7 |
| 8/4/06 | 3 | Prelim inj. motion preparation | | 3 |
| 8/19/06 | 3.5 | Prelim inj prep and filing | | 3.5 |
| 8/19/06 | 3.5 | Review discovery, prep for injunction hearing | | 3.5 |
| 8/21/06-8/29/06 | 3<br>12.5 (including travel time)<br>16.5<br>4.5 | Prep, travel and court hearing on preliminary injunction motion | | 36.5 (10 hours reimbursed at travel time rate) |
| 9/1/06 | .8 | Motion for cash bond | | .8 |
| 9/6/09 | .6 | Review and discuss order on motion to dismiss with clients | | .6 |

5

| Date | Hours | Task | Adjustment | Allowed |
|---|---|---|---|---|
| 9/28/06-9/29/06 | 4.3<br>4.5 | Research and prepare discovery-interrogatory drafts | 3.8 (excessive time) | 5 |
| 10/2/06 | 2.5 | Research damages; attny's fees and discuss with co-counsel | | 2.5 |
| 10/18/06-10/31/06 | 1.5<br>1<br>.4<br>.8 | Research motion for summary judgment; complete interrog. answers | | 3.7 |
| 11/15.06-12/07/06 | .5<br>2<br>4<br>3.5<br>4 | Research/ prepare motion for partial summary judgment | | 14 |
| 12/06/06 | 3.5 | Complete discovery answers | | 3.5 |
| 12/29/06-1/3/07 | .6<br>2.5<br>6 | Discussion and review of discovery answers | 3.1 (excessive time) | 6 |
| 1/12/07-1/12/07 | 2<br>7 | Work, complete and file motion for partial summary judgment | 6 (excessive additional time in light of Court's prior order granting prelim inj. and nature of claim) | 3 |
| 2/1/07-2/2/07 | 2.2 | Supplement to motion for partial summary judgment | | 2.2 |

| 8/15-8/16/09 (incorrect date–should be 4/15-16) | 11 | Prepare and file fee petition | 8 (excessive hours in light of limited review required of time records) | 3 |
|---|---|---|---|---|
| TOTALS: | 185.2 | | 50.5 | 124.7 + 10 hours of travel time |

### B. Attorney Brejcha

The Court notes that Mr. Brejcha's motion for attorneys fees includes multiple dates on which he labored on this case but is not seeking compensation at all, or for a reduced number of hours. The Court commends Mr. Brejcha for taking this responsible position with respect to fees and costs.

| 8/22/06 | 2 | Prepare for Preliminary Injunction Issue | | 2 |
|---|---|---|---|---|
| 8/23/06 | 13 | Preliminary Inj. Hearing – drive to hearing, meet with clients, attend failed settlement conference | | 13 |
| 8/24/06 | 4 | Work with Craddock on drafting a post-hearing brief | | 4 |
| 8/25/06 | 5.5 | Revise draft brief in support of preliminary inj. | | 5.5 |

| | | | | |
|---|---|---|---|---|
| 8/29/06 | 2 | Work on supplemental memorandum with Craddock | | 2 |
| 8/31/06 | 1 | Discuss Court Order with Craddock | | 1 |
| 9/1/06 | 11 | Drive to E. St. Louis, post bond (Craddock unavailable) | | 11 |
| TOTALS | 38.5 | | 0 | 28.5 + 10 hours of travel time |

**2.      Calculating Appropriate Rate for Attorneys Fees.**

As stated earlier, in determining the reasonableness of attorneys' fees, the Court must apply a "lodestar" analysis, "which multiplies the attorneys' reasonable hourly rates by the number of hours reasonably expended. . ." *Jeffboat, LLC v. Director, Office of Workers' Comp. Programs*, 553 F.3d 487, 490 (7th Cir. 2009).   It is also well settled that attorneys' fees are to be reasonable within the "community." *See, Blum v. Stenson,* 465 U.S. 886, 895 (1984); *see also Spegon v. Catholic Bishop of Chi.,* 175 F.3d 544, 555 (7th Cir. 1999) (finding that a reasonable hourly rate is "the rate that lawyers of similar ability and experience in the community charge their paying clients for the type of work in question.").

In this case, Attorney Craddock seeks attorneys' fees at the rate of $250.00 per hour. Craddock's declaration provides that he has charged between $175 and $250 per hour for legal services since 2004, but that most of the work that he has provided in the past was done so on a contingency basis or pro bono. Attorney Brejcha seeks an hourly rate of $300. Both attorneys

8

have provided the Court with their respective curriculum vitae which detail their experiences and specialities.

Upon review of the record, the Court **FINDS** that a rate of $250.00 per hour for each of plaintiffs' counsels' approved time is appropriate in this case for the matters involved and is further appropriate in the current legal community. The Court **FURTHER FINDS** that a rate of $100.00 per hour for travel time is appropriate in this case.

Having determined this, however, the Court's inquiry is not complete because the Seventh Circuit has held that it is appropriate to "consider[] the proportionality of attorneys' fees to the total damage award as a factor in determining the overall reasonableness of the fee request." *A Bauer Mech., Inc. v. Joint Arbitration Bd. of the Plumbing Contractors' Ass'n.,* 562 F.3d 784, 793 (7th Cir. 2009); *See also Moriarty ex rel. Local Union No. 727 v. Svec,* 429 F.3d 710, 717-18 (7th Cir. 2005). In this case, calculating the approved hours at the above indicated rates, results in the following:

Attorney Craddock:   $31,675 (time) + $1,000 (travel) = $32,675

Attorney Brejcha:    $7,125 (time) + $1,000 (travel) = $8,125

As noted above, the plaintiffs' total damages were determined by the Court to be only $300.00 jointly. That would mean that the total in attorneys' fees of $40,800 including travel time, would be approximately 136 times the damages award. This leads the Court to the conclusion that this large of a disparity is inappropriate, given the limited damages, and very limited recovery in this case. *A Bauer Mech., Inc.,* 562 F.3d at 793. Accordingly, the Court **FINDS** that it is appropriate to reduce the award of attorneys fees to more adequately reflect the nature of this case and to render the fee award more "reasonable." *Id.* Accordingly, the Court **HEREBY AWARDS**

9

attorneys fees in the following amounts:

    Attorney Craddock:   $30,000

    Attorney Brejcha:    $8,000.

**3.**    **Reasonable Costs**

Finally, the attorneys seek costs associated with this case as well. Upon review of the record, the Court **FINDS** that the following costs are reasonable and shall be awarded to the attorneys:

    A.    Attorney Craddock

1.    Mileage of 1160 miles @ $0.44/mile (2006 IRS mileage rate) = $510.40

2.    Postage, etc: $13.70

Total: $524.10

    B.    Attorney Brejcha

1.    Mileage: 1210 miles @ $0.44 = $532.40

## CONCLUSION

Accordingly, the Court **GRANTS** the motions for attorneys fees, in part and **DENIES** them in part as more fully set forth above. The Court **HEREBY AWARDS** attorneys fees and costs in favor of plaintiffs Mia Michaels, Angela Michaels and Daniel Michaels and against the defendant The City of Granite City, Illinois, in the following amounts:

    Attorney Jason Craddock:    $30,524.10

    Attorney Thomas Brejcha:    $ 8,532.40

The defendant shall **FORTHWITH PAY** the attorneys fees and costs to the respective counsel as indicated above.

**IT IS SO ORDERED.**

**DATE:  June 30, 2009**

                                              **s/ WILLIAM D. STIEHL**
                                                  **DISTRICT JUDGE**